IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY COMBS, 30807-177,          ) | |
|         Plaintiff,          ) | |
| v.          ) | No. 3:06-CV-1772-N |
|                   ) | ECF |
| DETECTIVE BRENITA DUNN,          ) | |
|         Defendant.          ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is confined in the Federal Correctional Institution in El Reno, Oklahoma. He has been granted him leave to proceed *in forma pauperis*. Defendant is Detective Brenita Dunn. No process has been issued pending judicial screening.

**II. Statement of the Case:**

Plaintiff argues that he was convicted in federal court based on perjured testimony and fraudulent documents submitted by Dallas police detective Brenita Dunn. Plaintiff seeks an investigation of Defendant Dunn's actions and he also requests that criminal charges be brought against Dunn.

**III. Preliminary Screening**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV.  Discussion

Plaintiff's claim for an investigation and criminal charges against Defendant are not cognizable under § 1983. Investigations into possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (*per curiam*) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)) (finding plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (stating the decision to file or not file criminal charges falls within the category of acts that will not give rise to liability under § 1983). Plaintiff's claims therefore lack an arguable bases in law and should be dismissed as frivolous.

## RECOMMENDATION

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed

with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    Signed this 23rd day of April, 2007.

                                                        _____
                                                        PAUL D. STICKNEY
                                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).